USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/24/2022

UNITED STATES DISTRICT COURTs

------------------------------------------------------------- X
IN RE 477 WEST 142ND STREET HOUSING :
DEV. FUND CORP., :
                                        DEBTOR. :
------------------------------------------------------------- :
DR. QUEEN MOTHER DELOIS BLAKELY,   X      20-CV-6771 (VEC)
                                                :      20-CV-7458 (VEC)
                                    APPELLANT, :      20-CV-7459 (VEC)
                                                :
AMSTERDAM KEY ASSOCIATES LLC,     :      OPINION & ORDER
                                                :
                                    APPELLEE. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on August 21, 2020, Appellant Dr. Queen Mother Delois Blakely appealed orders of the Bankruptcy Court for the Southern District of New York (1) denying a motion for reconsideration, (2) entering judgment in favor of Amsterdam Key Associates LLC in an adversary proceeding, and (3) dismissing an adversary proceeding brought by Dr. Blakely, 20-CV-6771, Dkt. 1;

      WHEREAS on June 10, 2022, this Court affirmed the orders of the Bankruptcy Court and denied Appellant's appeals, 20-CV-6771, Dkt. 72;

      WHEREAS on June 27, 2022, Dr. Blakely moved for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), asserting that the Court erred in its rulings in the case, 20-CV-6771, Dkts. 74, 75;

      IT IS HEREBY ORDERED that Appellant's motion for reconsideration is DENIED. "The standard for granting [] a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) ("[A] party

1

moving for reconsideration must set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (quoting Local Civil Rule 6.3)). As such, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257. "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations and quotation marks omitted). Manifest injustice results when there is "an error committed by the trial court that is direct, obvious, and observable." *Idowu v. Middleton*, 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (cleaned up).

    Dr. Blakely's motion for reconsideration merely regurgitates arguments that the Court previously considered or states, in a conclusory way, that the Court should have ruled differently on various points of law. Accordingly, the motion is nothing more than a blatant attempt to relitigate numerous "issue[s] already decided." *Schrader*, 70 F.3d at 257. The motion is entirely bereft of any suggestion that the controlling law has changed or that new evidence is available. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. While Dr. Blakely argues that failure to grant the motion for reconsideration would "constitute a complete failure and miscarriage of justice if this honorable court should let itself be swayed by the racially biased vacuous legalese presented by MR TED DONOVAN [sic]," the Appellant has failed to make the required showing that the Court's opinion contains errors that are "direct, obvious, and observable" to support a finding of manifest injustice. *Idowu*, 2013 WL 371657, at *1 n.1.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motions at 20-CV-6711, Dkt. 75, 20-CV-7458, Dkt. 68, and 20-CV-7459, Dkt. 68.  The Clerk of Court is further directed to mail a copy of this Order to the pro se plaintiff, and to note the mailing on the dockets.

**SO ORDERED.**

Date:  August 24, 2022
       New York, NY

                                                **VALERIE CAPRONI**
                                            **United States District Judge**

3